United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TiVo, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Digital CBT LLC; Brooktree Broadband Holding, Inc., <br><br> Defendants. | No. C 12-03866 RS <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)** |

## I.   INTRODUCTION

In this patent dispute, TiVo, Inc., a technology company known for their consumer digital video recorders (DVRs), seeks a declaratory judgment against defendants Digital CBT LLC and Brooktree Broadband Holding, Inc. finding that its manufacture of DVRs does not infringe U.S. Patent No. 5,805,173 (the '173 patent). Defendants have moved under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, or, alternatively, under 28 U.S.C. §1404(a) to transfer the action to the Central District of California for the convenience of the parties.

## II. BACKGROUND

This is not the first suit between these parties. CBT, believing itself to hold all rights in the '173 patent, filed its first complaint for infringement of the '173 patent against TiVo in the District of Delaware on October 6, 2011 (complaint I) as well as a separate complaint for infringement of the same patent against AT&T, Inc. TiVo informed CBT that it objected to the Delaware venue. Similarly, AT&T, Inc. informed CBT that AT&T Services, Inc. (which, unlike AT&T was neither

headquartered nor conducting business in Delaware) was in fact the proper defendant to be named in the action. On the day before TiVo would have either had to respond to the complaint or move to dismiss for improper venue, CBT voluntarily dismissed the case under Federal Rule of Procedure 41(a)(1)(A)(i) without prior notice to TiVo. That same day, March 22, 2012, CBT filed new separate patent infringement actions in the Central District of California (complaint II), where CBT is resident, against TiVo and AT&T Services.

On July 18, 2012, CBT wrote separately to TiVo and AT&T Services acknowledging it might *not* hold the necessary rights to the '173 patent in order to have standing to bring an action for infringement. CBT had been assigned the patent by Agranat IP Licensing LLC, which in turn had been assigned the patent by Conexant Systems, Inc. CBT understood that the '173 patent was held by Conexant, but subsequently learned that it was held in the name of a wholly-owned subsidiary of Conexant, Brooktree Broadband Holding, Inc., and therefore the assignment of all of Conexant's patents rights to CBT may not have actually conveyed the '173 patent to CBT. CBT separately informed TiVo and AT&T Services that CBT had obtained a confirmatory assignment from Brooktree and would request the dismissal of its Central District of California complaint against them in order to file new complaints to cure this potential standing defect, as it believed the new assignment could not legally operate retroactively vis-à-vis the previously-filed complaint. CBT asked TiVo and AT&T Services whether they would oppose this course of action. AT&T Services responded it did not, and accordingly CBT simply dismissed and refiled its complaint in the Central District.

TiVo, rather than responding to CBT's request, filed this declaratory relief action on July 24, 2012, against CBT and Brooktree in the Northern District of California, where TiVo is headquartered (complaint III or TiVo's complaint). On July 26, 2012, the same day that CBT was served in this case, CBT filed yet another action against TiVo in the Central District of California (complaint IV). Then on July 30, 2012, CBT moved to dismiss voluntarily complaint II "in favor of" complaint IV. On August 29, 2012, the district court in the Central District granted CBT's motion to dismiss complaint II without prejudice, but expressly declined to decide the question of whether that dismissal was "in favor of proceeding with" complaint IV.

CBT, claiming that complaint II is the "first filed" action, accuses TiVo of forum shopping and moves for dismissal of complaint III for improper venue. Even if TiVo's complaint III is found to be the first-filed, CBT argues that it is anticipatory and should be dismissed under that exception to the first-to-file rule. Finally, CBT requests in the alternative that complaint III be transferred to the Central District, where complaint IV and CBT's separate case against AT&T Services are currently pending. TiVo contends that complaint III was the first-filed, that the anticipatory exception to the first-to-file rule does not apply here, and that the Northern District is the most convenient and appropriate venue for the litigation of this case.

## III. LEGAL STANDARD

We follow the law of the Federal Circuit in determining "'whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement" because it "raises the issue of national uniformity in patent cases.'" *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). The Federal Circuit defines "parallel actions" as "co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties." *Id*. at 1328. As between two parallel suits, the Federal Circuit has emphasized that "[t]he first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Serco Servs. Co. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech*, 998 F.2d at 937). The preference is a starting point: "'the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served.'" *Id.* (quoting *Genentech*, 998 F.2d at 938).

To determine which forum would best serve all interests, a court examines "'the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest.'" *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (quoting *Genentech*, 998 F.2d at 938). A court may also consider allegations that a first-filed suit "intended

to preempt another's infringement suit" and is merely the product of inappropriate jockeying for a favored forum. *Id.* at 1347. However, in the Federal Circuit an anticipatory motive alone does not warrant dismissal. *See id*. at 1328; *see also Genentech*, 998 F.2d at 938 (reversing for abuse of discretion where dismissal of declaratory action was premised solely on the fact that the suit was designed to anticipate a later-filed complaint in another forum). When weighing these factors in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), "the pleadings are not accepted as true and facts outside the pleadings may be considered by the district court." *Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1086 (N.D. Cal. 1999).

Pursuant to 28 U.S.C. § 1404(a), a district court may additionally transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice." "To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

## IV. DISCUSSION

### A. First-Filed

At the outset, TiVo and CBT disagree over whose complaint was first filed. CBT's complaint II was filed in the Central District before TiVo filed its complaint III in the Northern District. From July 24, 2012, when TiVo's complaint III was filed, until August 29, 2012, when the Central District granted CBT's motion to dismiss its own complaint II without prejudice, complaints II and III were parallel actions, pending at the same time. Complaint II, however, is no longer pending. Only TiVo's complaint III and CBT's complaint IV remain in place. As between those complaints, which were filed on July 24, 2012, and July 26, 2012, respectively, TiVo's is the first-filed.

Recognizing this, CBT next argues that its complaint IV should be given the benefit of complaint II's earlier filing date for the purposes of determining whose complaint was first filed. CBT contends that it should not lose priority because it refiled its complaint. CBT would be entitled to the earlier filing date of complaint II if complaint IV had merely constituted an amendment that

related back to the original filing. *See Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 991 (N.D. Cal. 2011) (holding that an amended complaint adding a new defendant was entitled to the filing date of the original complaint when determining whether the new defendant's complaint was first filed). However, complaint II was dismissed and because it is no longer pending, it is not a parallel action whose filing date is considered in the first-to-file analysis. TiVo's complaint is the first-filed.[1]

### B. Considerations of Litigant and Judicial Economy

#### i. Anticipatory Action

CBT next argues that despite having the first-filed complaint, TiVo's declaratory judgment action constitutes an improper anticipatory filing and therefore must be dismissed or transferred to the Central District for that reason.[2] In support of this contention CBT relies upon law from the Ninth, Sixth, and Seventh Circuits but makes no mention of the applicable law of the Federal Circuit, which has explicitly rejected the Seventh Circuit rule that where a "declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed . . . later." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *see Genentech*, 998 F.2d at 937 ("We decline to apply *Tempco Electric* to patent cases. Such a rule would automatically grant the patentee the choice of forum . . . ."). Rather, in patent cases "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech*, 998 F.2d at 937. "'Exceptions . . . are not rare,' but we have explained that '[t]here must . . . be sound reason that would make it unjust or inefficient to continue the first-filed action.'" *Coyle*, 394 F.3d at 1347 (quoting *Genentech*, 998 F.2d at 937-38) (omissions in *Coyle*).

It *is* proper to consider whether by filing its complaint TiVo intended to preempt CBT's complaint IV in the Central District "as one factor in the decision whether to dismiss [or transfer] the declaratory suit in favor of [CBT's] subsequent infringement action." *Serco*, 51 F.3d at 1040.

---

[1] In making this determination, the Court need not reach TiVo's arguments that complaint II should be disregarded because CBT lacked standing to bring it at the time it was filed.

[2] Notably, although CBT repeatedly describes TiVo's complaint as an "improper" anticipatory filing, CBT has not moved to dismiss the complaint under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

The evidence presented demonstrates that TiVo's filing was indeed anticipatory in this sense. TiVo knew full well that CBT was going to sue it for patent infringement because CBT had already made two defective attempts to do so. When informed of the standing problem with CBT's complaint II, rather than agreeing to allow it to be dismissed and refiled, TiVo remained silent about its intentions while it raced to the courthouse and filed its complaint III less than a week later. The Declaratory Judgment Act enables a party who is in the shadow of threatened litigation that never materializes to "settle the legal relations in dispute and afford relief from uncertainty or insecurity." *Genentech*, 998 F.2d at 937. TiVo, having been sued twice by CBT and having been informed of CBT's immediate desire to dismiss complaint II and refile, was not in a position of uncertainty as to whether CBT would bring suit against it to clarify the parties' respective rights to the '173 patent. TiVo knowingly filed complaint III in anticipation of CBT's imminent filing of complaint IV. This factor weighs in favor of dismissing this case or transferring it to the Central District.

          ii.        Forum Shopping

CBT argues that it would be unfair to allow TiVo's first-filed action to continue because TiVo's filing was motivated by forum shopping. "[W]hile Defendants allege forum shopping, the only evidence to which they point besides the fact that Plaintiffs filed suit first is that they filed suit in their chosen forum over Defendants' chosen forum." *Barnes & Noble*, 823 F. Supp. 2d at 992. Of course, CBT cannot identify any differences in the substantive law of the Northern and Central Districts of California that would be material to this suit as both must follow Federal or Ninth Circuit precedent as appropriate. *See id.* (differences in the substantive law between venues may motivate forum shopping). Nor did TiVo choose a forum entirely unrelated to the parties—rather it filed suit in the District in which it is headquartered. *See id.* at 993 (choice of venue unrelated to the parties may indicate forum shopping). Concerns of forum shopping weigh against dismissing or transferring TiVo's case.

          iii.       Convenience and Availability of Witnesses

CBT and Brooktree are located in the Central District, while TiVo is located in the Northern District. CBT is a holding company that appears to have few, if any employees who would be relevant witnesses. At the hearing on this motion, counsel for Defendants noted that by contrast,

Brooktree is a practicing entity whose principals are located in the Central District. Additionally, CBT points to at least one specific relevant witness in the Central District— the attorney who prosecuted the '173 patent.

By contrast, TiVo is headquartered in the Northern District. Consequently, TiVo generally avers that most, if not all, of its witnesses therefore reside in this District. However, TiVo has employees in locations outside of the Northern District as well, and has not identified any specific witnesses relevant to this case who reside here. At the hearing, counsel for TiVo recalled that TiVo's former CTO lives in the bay area, but could only hazard a guess as to whether he would have information relevant to this suit.

TiVo points to the location of documents and source code in the Northern District, while CBT counters that both parties' counsel are located in the Central District. Neither of these factors hold sway as the convenience of counsel is not a proper consideration in this analysis and documents and source code may easily be produced remotely through the use of technology. Overall, this factor is a draw.

                iv.      Consolidation with Related Litigation

If the case is transferred to the Central District, it can be consolidated with the infringement action filed by CBT against TiVo in that forum. Judicial economy favors adjudicating these two mirror-image cases together. In addition, the Central District is separately hearing a case involving the potential infringement of the '173 patent by AT&T Services. While there is no evidence that TiVo's allegedly infringing products or conduct bear any relationship to that of AT&T Services, the Central District will likely be called on to hold a Markman hearing and issue a claim construction order on the '173 patent in both the TiVo and AT&T Services cases presently on its docket. Finally, both the Northern District and Central District, while busy, are perfectly capable of handling this dispute. Economizing judicial resources by transferring this case to the district in which CBT's infringement suits against TiVo and AT&T Services are pending weighs in favor of transferring this case to the Central District.

V.  CONCLUSION

While TiVo's case is the first-filed, "the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served." *Serco*, 51 F.3d at 1039 (quoting *Genentech*, 998 F.2d at 938). Under Federal Circuit precedent, the anticipatory nature of TiVo's suit is simply one factor to be weighed in determining which forum best serves all interests. Overall, one factor weighs in favor of retaining this case in the Northern District, one is neutral, and two weigh in favor of dismissing it or transferring it to the Central District. Dismissal is a harsh remedy and CBT has not demonstrated that it is warranted in this case. Applying the standard set forth by the Federal Circuit and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), it is in the interests of justice that this case be transferred to the Central District, a venue in which this case could have been brought.[3] In the alternative, were venue proper in this district, defendants' motion to transfer venue under 28 U.S.C. 1404(a) would be granted because this case could have been brought in the Central District and such a transfer would serve the convenience of the parties and witnesses and will promote the interest of justice.[4]

IT IS SO ORDERED.

Dated: 10/29/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] We note that in *Serco*, the Federal Circuit upheld a district court's dismissal under Rule 12(b)(3) in circumstances nearly identical to those presented by this motion. *See Serco*, 51 F.3d 1037 (upholding *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, No. CA 3:93-CV-1885-R, 1994 WL 715913, at *1 (N.D. Tex. May 24, 1994) (dismissing first-filed but anticipatory action where anticipatory nature of the suit was weighed as one of several factors favoring dismissal)).

[4] Were this case governed by Ninth Circuit law, and were venue not barred by the anticipatory nature of this filing, it may well be that venue would be deemed proper and this transfer would be pursuant to §1404(a). However, because we apply Federal Circuit law and venue may be deemed improper under that Circuit's legal standard for 12(b)(3) dismissals, the transfer is made pursuant to the authority vested in this court by §1406(a).